# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHALAFALA KHALAFALA, | Case No. CV 08-6773-SJO (JTL) |
| Plaintiff, | MEMORANDUM AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | |
| JAN SCULLY, et al., | |
| Defendants. | |

On November 14, 2008, Khalafala Khalafala ("plaintiff"), proceeding pro se and in forma pauperis, filed a complaint pursuant to 42 U.S.C. Section 1983 ("Complaint"). Plaintiff's claims arise out of his arrest and subsequent detention by the Sacramento Police Department. Plaintiff named the following defendants in his Complaint: the State of California; the County of Sacramento; Sacramento County District Attorney's Office; Sacramento County Police Department; Jan Scully, Sacramento County District Attorney; Dawn Baldet, a Sacramento County Deputy District Attorney; and an unknown Sacramento police employee. (Complaint at 2-6). Plaintiff names all defendants in both their individual and official capacities. (Id. at 7-8). Plaintiff is currently incarcerated at the Sierra Conservation Center in Jamestown, California.

In accordance with the provisions of the "Prison Litigation Reform Act of 1995" ("PLRA"), the Court has screened the Complaint before ordering service to determine whether the action (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3)

1  seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. §
2  1915A; 42 U.S.C. §1997e(c)(1); 28 U.S.C. § 1915(e)(2)(B).

3      The Court's screening of plaintiff's Complaint under the foregoing statute is governed by
4  the following standards:  A complaint may be dismissed as a matter of law for failure to state
5  a claim for two reasons:  (1) the plaintiff fails to state a cognizable legal theory, or (2) the
6  plaintiff has alleged insufficient facts under a cognizable legal theory.  Balistreri v. Pacifica
7  Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  Because plaintiff is appearing pro se, the Court
8  must construe the allegations of the Complaint liberally and must afford plaintiff the benefit of
9  any doubt.  See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988).
10  Moreover, in determining whether a complaint states a claim on which relief may be granted,
11  allegations of material fact are taken as true and construed in the light most favorable to the
12  plaintiff.  Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  A pro se litigant must be
13  given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of
14  the complaint cannot be cured by amendment.  Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.
15  1987).

16      After careful review and consideration of the Complaint under the relevant standards,
17  and for the reasons discussed below, the Court finds that plaintiff has failed to state a claim
18  upon which relief may be granted and **ORDERS** the **COMPLAINT DISMISSED WITH LEAVE**
19  **TO AMEND.**

20

21                          **ALLEGATIONS OF THE COMPLAINT**

22      On February 19, 2004, plaintiff was arrested by the Sacramento Police Department and
23  placed in Sacramento County Jail.  (Complaint at 10).  On May 1, 2004, the case against
24  plaintiff was dismissed.  Thereafter, plaintiff contacted the property division of the Sacramento
25  Police Department several times to retrieve the personal property he had turned over to the
26  Sacramento Police Department at the time of his arrest.  (Id. at 10-11).  An unknown employee
27  of the Sacramento Police Department released plaintiff's bicycle, and told plaintiff that the rest
28  of his property would not be released pursuant to instructions from the Sacramento County

District Attorney's office.  (Complaint at 11).  Plaintiff alleges that the unreleased property included plaintiff's travel documents, identification documents, phone notebooks, bank account numbers and university and college diplomas.  (Id.).  Plaintiff argues that in denying him his property, defendants restricted plaintiff's freedom and "maliciously held plaintiff virtual prisoner in Sacramento County from the period of May 7, 2004 until June 28, 2004."[1]  (Id.).

Plaintiff alleges that all defendants were acting under the color of state law and conspired to deprive him of his Fourteenth Amendment right to equal protection of the laws.  (Id. at 8).  Plaintiff further alleges that the State of California, County of Sacramento, the Sacramento County District Attorney's office, Sacramento County Police Department and Jan Scully failed to adequately train, supervise, review and enforce the laws of the State of California and the County of Sacramento.  (Id. at 13-14).  In addition, plaintiff alleges defendants Jan Scully and Dawn Baldet intentionally acted to deprive plaintiff of his right under the Fourth Amendment to be free from unlawful seizures.  (Id. at 14-15).

Plaintiff seeks compensatory and punitive damages.  (Id. at 8, 16).

## DISCUSSION

I.   **PLAINTIFF'S OFFICIAL CAPACITY CLAIMS AND CLAIMS AGAINST THE STATE OF CALIFORNIA MUST BE DISMISSED**

A.   **Plaintiff's Claim Against the State of California is Barred by the Eleventh Amendment**

The Eleventh Amendment prohibits federal jurisdiction over claims against a state without its consent unless Congress has abrogated the state's Eleventh Amendment immunity.  Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984).  The State of California has not consented to be sued under Section 1983 in federal court, and the Supreme Court has held that Section 1983 was not intended to abrogate a state's Eleventh Amendment immunity.  Dittman v. California, 191 F.3d 1020, 1025-26 (9th Cir. 1999); see Kentucky v.

---

[1] The significance of the June 28, 2004 date is unclear based on the allegations in the Complaint.  Nowhere in the Complaint does plaintiff indicate the significance of this date.

1   Graham, 473 U.S. 159, 169 n.17 (1985).  Because the Eleventh Amendment prohibits federal

2   jurisdiction over claims against a state without its consent, plaintiff's claims against the State

3   of California must be dismissed.

4   **B.    Plaintiff's Official Capacity Claims Against Jan Scully and Dawn Baldet Are**

5   **Barred by the Eleventh Amendment**

6   Plaintiff brings claims against Jan Scully, Sacramento County District Attorney and Dawn

7   Baldet, a Sacramento County Deputy District Attorney, in their individual capacities, as well as

8   in their official capacities.  As discussed, supra, plaintiff's claims against the State of California

9   are barred by the Eleventh Amendment.  Official capacity claims against state officials are

10  merely another way of pleading an action against the state itself.  See Will v. Michigan Dep't

11  of State Police, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official

12  capacity is not a suit against the official but rather is a suit against the official's office.  As such,

13  it is no different from a suit against the State itself." (internal citation omitted)).  Thus, official

14  capacity claims for damages are similarly barred by the Eleventh Amendment.  Dittman, 191

15  F.3d at 1026 ("The Eleventh Amendment bars actions for damages against state officials who

16  are sued in their official capacities in federal court.").  In addition, the Supreme Court has held

17  that a state official sued in his official capacity is not "a person" subject to suit under Section

18  1983 for purposes of a suit for damages.  Will, 491 U.S. at 71 & n.10.  Accordingly, the claims

19  against Jan Scully and Dawn Baldet in their official capacities must be dismissed.  See

20  Pennhurst State School & Hosp., 465 U.S. at 100.

21  **II.   PLAINTIFF HAS FAILED TO STATE A CLAIM AGAINST THE COUNTY OF**

22  **SACRAMENTO, THE SACRAMENTO COUNTY DISTRICT ATTORNEY'S OFFICE**

23  **AND THE SACRAMENTO COUNTY POLICE DEPARTMENT**

24  "Municipalities and other local government units . . . [are] among those persons to whom

25  § 1983 applies."  Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 691 (1978).

26  A local government entity such as Sacramento County, the Sacramento County Police

27  Department or the Sacramento County District Attorney's Office, however, "may not be sued

28  under § 1983 for an injury inflicted solely by its employees or agents.  Instead, it is when

4

1  execution of a government's policy or custom, whether made by its lawmakers or by those

2  whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the

3  government as an entity is responsible under § 1983."  Monell, 436 U.S. at 694.  Thus,

4  Sacramento County, the Sacramento County Police Department and the Sacramento County

5  District Attorney's Office may not be held liable for the acts of their employees unless "the

6  action that is alleged to be unconstitutional implements or executes a policy statement,

7  ordinance, regulation, or decision officially adopted or promulgated by that body's officers," or

8  unless the alleged constitutional deprivation was "visited pursuant to a governmental 'custom'

9  even though such a custom has not received formal approval through the decision-making

10 channels."  Id. at 690-91; see also Redman v. County of San Diego, 942 F.2d 1435, 1443-44

11 (9th Cir. 1991).

12      Here, plaintiff seeks to hold Sacramento County, the Sacramento County Police

13 Department and the Sacramento County District Attorney's Office liable for infringing on his civil

14 rights based on their participation in an alleged conspiracy to prevent plaintiff from accessing

15 his personal property.  (Complaint at 15-18).  Under Monell, that is not enough.  See Monell,

16 436 U.S. at 694.  Monell requires that the alleged unconstitutional act resulted from the

17 implementation or execution of an official policy, ordinance, regulation or decision, or a

18 governmental custom.  Plaintiff has failed to identify any specific policy, ordinance, regulation,

19 custom, or officially adopted or promulgated decision, the execution of which allegedly caused

20 him harm.  Accordingly, the allegations of the Complaint are insufficient to state a claim upon

21 which relief can be granted against Sacramento County, the Sacramento County Police

22 Department and the Sacramento County District Attorney's Office.  Thus, plaintiff's claims

23 against Sacramento County, the Sacramento County Police Department and the Sacramento

24 County District Attorney's Office must be dismissed.

25 ///

26 ///

27 ///

28 ///

III.   **THE COMPLAINT FAILS TO STATE A CLAIM AGAINST JAN SCULLY AND DAWN BALDET UNDER SECTION 1983**

A person "subjects" another to the deprivation of a constitutional right within the meaning of Section 1983 if he or she "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he [or she] is legally required to do" that causes the complained-of deprivation.  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (Section 1983 liability requires personal participation in deprivation).   Here, plaintiff alleges that he was deprived of his personal property, including his travel documents, identification documents, phone notebooks, bank account numbers and university and college diplomas, and that the deprivation resulted in a restriction in plaintiff's freedom to travel.  Plaintiff does not allege that Jan Scully or Dawn Baldet participated in, or omitted to perform, an act that they were required to do, which resulted in harm to plaintiff.  Plaintiff has, therefore, failed to state a claim against Jan Scully and Dawn Baldet under Section 1983.[2]

IV.   **PLAINTIFF FAILS TO STATE A CLAIM FOR CONSPIRACY**

42 U.S.C. Section 1985 proscribes conspiracies to interfere with certain civil rights.  At a minimum, a claim under Section 1985 must allege a factual basis for the allegation that defendants conspired together.  A mere allegation of conspiracy without factual specificity is insufficient.  See Karim-Panahi, 839 F.2d at 626.  The complaint must contain more than conclusory allegations.  Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991).

///

---

[2] The Court further notes that plaintiff's claims against Jan Scully and Dawn Baldet may be barred by prosecutorial immunity.  Parties to Section 1983 suits are generally entitled to immunities that existed at common law.  Imbler v. Pachtman, 424 U.S. 409, 417-18 (1976).  State actors are granted absolute immunity for those functions that were critical to the judicial phase of the criminal process.  Genzler v. Longanbach, 410 F.3d 630, 636-68 (9th Cir. 2005).  However, an action could still be brought against a prosecutor for conduct taken in an investigatory capacity, to which absolute immunity does not extend.  See Buckley v. Fitzsimmons, 509 U.S. 259, 274-276 (1993) (no absolute immunity when prosecutor acts in administrative capacity); Burns v. Reed, 500 U.S. 478, 492-495 (1991) (absolute immunity does not attach when a prosecutor offers legal advice to the police regarding interrogation practices); see also Hartman v. Moore, 547 U.S. 250, 261-62 (2006).

Here, plaintiff has not alleged facts showing that defendants conspired together to violate plaintiff's rights or deprive him of his property.  Because plaintiff has failed to make specific factual allegations to support a conspiracy claim, the allegations of the Complaint are insufficient to state a claim upon which relief can be granted.

In addition, plaintiff does not specify the subsection under which his Section 1985 claim arises.  To the extent plaintiff is attempting to state a claim under the second clause of Section 1985(2) or under the first clause of Section 1985(3), his claims fail for lack of discriminatory animus.  Both the first clause of Section 1985(3) and the second clause of Section 1985(2) require that the conspirators' actions be motivated by a racial or "perhaps otherwise class-based" invidiously discriminatory animus.  Griffin v. Breckenridge, 403 U.S. 88, 102 (1971); Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987).  Plaintiff has not alleged that defendants acted pursuant to a discriminatory animus.

Moreover, to the extent plaintiff is trying to state a claim for the deprivation of property under color of state law, the Court notes that such a deprivation of property, whether negligent or intentional, does not constitute a violation of the procedural requirements of the due process clause if state law affords the plaintiff a meaningful post-deprivation remedy.  Hudson v. Palmer, 468 U.S. 517, 533 (1984) (no due process deprivation where state prisoner's personal property was intentionally destroyed because the state had made available adequate post-deprivation remedy at law); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994).  The Ninth Circuit has held that California law provides an adequate post-deprivation remedy for any loss of property.  Barnett, 31 F.3d at 816 (citing Cal. Gov't Code §§ 810-895); O'Neal v. Price, 531 F.3d 1146, 1148 (9th Cir. 2008).  Whether a plaintiff succeeds in redressing his or her loss through the available state remedies is immaterial; the existence of these alternate remedies bar a Section 1983 procedural due process claim.  Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds by Daniels v. Williams, 474 U.S. 327, 330-31 (1986); see Brogan v. San Mateo County, 901 F.2d 762, 764 (9th Cir. 1990); see also Willoughby v. Luster, 717 F. Supp 1439, 1443 (D. Nev. 1989).

///

1 | ********************

2 |      As discussed above, plaintiff has failed to establish a civil rights claim upon which relief

3 | can be granted.  The Court will, however, afford plaintiff another opportunity to cure the

4 | deficiencies of his Complaint.  <u>See</u> <u>Noll</u>, 809 F.2d at 1448.  The Complaint, therefore, is

5 | **DISMISSED WITH LEAVE TO AMEND**.

6 |      If plaintiff desires to pursue this action, plaintiff is ORDERED to file a First Amended

7 | Complaint within thirty (30) days of the date of this Order, remedying the deficiencies discussed

8 | above.  If plaintiff chooses to file a First Amended Complaint, it should bear the docket number

9 | assigned in this case; be labeled "First Amended Complaint"; and be complete in and of itself

10 | without reference to the original Complaint or any other pleading, attachment or document. The

11 | Clerk is directed to provide plaintiff with a blank Central District civil rights complaint form, which

12 | plaintiff will need to completely fill out and submit.  Plaintiff is admonished that, if he fails to

13 | timely file a First Amended Complaint, the Court will recommend that the action be dismissed

14 | on the grounds set forth above and for failure to diligently prosecute.

15 | DATED: December 16, 2008

16 |

17 |                        /s/
JENNIFER T. LUM
UNITED STATES MAGISTRATE JUDGE